*639 Statement of the Case.
NICHOLLS, J.
Alfred Owen and Sylvester Owen were charged with the murder of Clarence Compton under an indictment found against them by the grand jury for the parish of West Carroll. On the motion of the district attorney, a severance was granted, but prior to this a motion for a change of venue on the. part of both defendants jointly had been filed. After the severance had been granted, the case as to Sylvester Owen was set for trial. The motion for a change of venue as to him was partially tried and abandoned by his counsel. The case was then taken up and tried on its merits as to Sylvester Owen. The jury on the trial of the case against Sylvester Owen returned a verdict against him of “Guilty as charged without capital punishment.” 1-Ie was sentenced by the court to be confined at hard labor in the state penitentiary at Baton Rouge during the remainder of his natural life. 1-Ie has appealed. Appellant relies upon the alleged error of the trial judge in refusing to order an arrest of judgment upon the following grounds which he assigned:
“State v. Sylvester Owen.
“Now comes Sylvester Owen, the accused herein, and with respect shows that after four jurors had been examined and accepted as jurors od. March 22, 1910, and had been placed in care of one not a sworn deputy sheriff, after the adjournment of court, and had been guilty of misconduct as jurors, and after the filing of a motion by the district attorney asking that the said jurors be discharged, and upon, which motion, the presiding judge entered an order discharging the four jurors, then directed that they be again examined on voir dire, which was done, and three of the four were again accepted and sworn as jurors and participated as such in the trial and verdict—
“Shows that the action of the court in the premises was error in allowing and ordering incompetent and once discharged jurors to again be presented for examination and to be accepted on the jury. That the facts and allegations herein set forth appear from the face of the record in this case, and especially from the minutes of the court and the motion of the district attorney which are hereto annexed and made part of this motion.
“Wherefore the accused prays and moves the court to suspend and arrest judgment herein and that the verdict of the jury be set aside.”
The trial judge having overruled the motion in arrest of judgment, accused reserved the following bill of exceptions:
“Be it remembered that during the trial of this case, and while a jury was being impaneled for the same, and on the 22d day of March, A. D. 1910, as is fully shown by the minutes of the court, a copy of which is hereto annexed and made a part hereof, four jurors of the regular venire, after being sworn upon their voir dire, and examined by the district attorney and counsel for the accused, were accepted as jurors by both the state and defense and were returned to the jury box, but not sworn as jurors. That thereupon, the regular venire having been exhausted, the court ordered that talesmen be summoned and an adjournment of the court until the following day, directing that the four accepted jurors be taken in charge by the sheriff or a deputy and secluded.
“The said four jurors, who were Geo. Caw-thorn, Dave Crow, J. ,W. Jackson, and J. R. Fleming, were placed in charge of D. L. Bar-more, who was not the sheriff of the parish nor a sworn deputy, and were by said Barmore allowed to accompany him to a cold drink stand in the town of Floyd, remain there for some time, distribute themselves promiscuously among quite a number of parties who had congregated at said cold drink stand, and converse with them without restraint, and out of the hearing of the said Barmore. That this continued for some time before the said parties were taken in charge by a sworn officer as is fully shown by the motion of the district attorney filed in court on March 28, 1910, asking that the said four jurors be discharged for their misconduct and a new panel ordered, a copy of which is annexed hereto and made a part hereof.
“The trial judge in deciding and ruling on the said motion, which was tried on the same day, sustained the same ‘to the extent of discharging said jurors, but ordered that they (the four accepted jurors) be again examined on their voir dire, before examining any tales-men,’ as is shown by the minutes of the court of March 23, 1910, a copy of which is hereto annexed and made a part of this bill.
“The said four jurors were brought into court and regularly examined on their voir dire, and from their number Dave Crow, J. W. Jackson, and J. R. Fleming were accepted as jurors. The accused exhausted the 12 peremptory challenges allowed him by law.
“The accused, through his counsel, objected to the order of the judge that the four accepted jurors who had been by order of the court, on motion of the district attorney, discharged for their misconduct, and because of their having been in charge of one who was not a sworn deputy sheriff for the reason and on the ground that, having been held disqualified, and having *641 been discharged by the court, for the reasons shown, the said persons were incompetent to act as jurors in the case; that the action of the court in haying the said discharged jurors again presented and examined on. their voir dire, without being again sworn, was improper; that their incompetency, flowing from their misconduct, attached, and remained, even after the re-examination and presentment, and was not affected thereby.
“Which objection was overruled by the court for the reason recited and as shown by annexed per curiam. To which ruling the accused excepted and reserved a bill of exceptions and presents this bill of exceptions for signature this March 31, 1910.”
In the per curiam accompanying the bill, the judge made use of the following language in the statement:
“The only exception taken by Mr. McBain, counsel for the accused, was as to the discharge of the four jurors. Upon the trial of this motion presented by the district attorney asking for the discharge of the four jurors, the court considered the testimony of Mr. R, J. Herring, chief deputy sheriff, and the only witness introduced upon the trial of this motion, whose testimony was, in effect', that the four jurors herein named had been in the1 custody of Mr. D. B. Barmore, an unsworn officer, for a short time (see his testimony), was a sufficient irregularity as to authorize the court to presume misconduct on the part of said jurors, though none had been shown, and therefore said motion was in part sustained.
“These four jurors were brought into the courtroom, after the trial of said motion, in the custody of the sheriff, were resworn upon fheir voir dire, and all accepted, except the juror Cawthorn, who was excused on the part of the state.
“The court was unable to see where any harm or injury could have resulted to the accused in these proceedings.
“Reference is hereto made to the minutes of the court and the testimony taken upon the trial hereof.
“Dated and signed this 31st day of March, A. D. 1910.”
The minutes of March 22d show that, in the case of State v. Alfred and Sylvester Owen, a motion for a change of venue was filed by the defendants, and that the district attorney made a verbal motion, and that during the time required to summon witnesses, on trial of motion for a change of venue, the case proceeded to the extent of examining on voir dire the jurors summoned for the present week; the jurors selected not to he finally sworn to try the ease till the question of change of venue had been tried and decided. The attorney for defendants objected to that course of proceedings, whereupon the court ruled that, if accused parties had no other cause for. refusing to proceed with the trial, the jurors present should at once he examined on voir dire, but that time would be allowed to obtain witnesses on the change of venue; that they should be summoned to appear instanter; and that the question of whether or not a change of venue should be granted would be tried and decided before defendants were regularly placed on trial. It being announced that no attachments were desired on the part of either the state or defendants, it was ordered that the swearing and examination of jurors on voir dire proceed. The district attorney then filed a motion for a severance, which was tried and sustained. On verbal motion of the district attorney, the selection of jury to try Sylvester Owen was ordered to proceed. Attorney for defendants reserved a bill of exceptions to the order of the court ordering the selection of jury to proceed and to the ruling of the court allowing a severance. The court then took a recess until 1 o’clock.
The selection of jurors under the ruling of the court was proceeded with. The accused and his attorney being present in open court, jurors from the regular panel summoned to appear for the present week were then sworn on voir dire, when came George Cawthorn, Dave Crow, J. W. Jackson, and J. R. Fleming, all of whom were sworn on voir dire, examined by counsel for state and defense, and accepted by both parties. The regular panel being then exhausted, the court ordered the sheriff to summon 30 persons having the legal qualifications to act as tales jurors in case to appear to-morrow morning at 9 o’clock and act as such, also that in selecting said tales jurors no one be- taken from the neighborhood of the killing. The court then *643 gave tlie usual instructions to tlie jurors already examined and accepted, and to tlie sheriff.
Court adjourned until to-morrow morning at 9 o’clock.
Floyd, La., March 23, 1910.
State of Louisiana v. Sylvester Owen.
Tlie district attorney filed a motion to have the four jurors who were selected on yesterday discharged. This motion was tried and sustained to the extent of discharging the said jurors, but it was ordered by the court that they again be examined on their voir dire before examining any talesmen, but the said four jurors were kept in charge of the deputy sheriff out of the courtroom. They were then brought into open court, resworn, and regularly examined on voir dire, and from their number the following names were accepted viz.: Dave Crow, J. W. Jackson, and J. R. Fleming. The regular panel being then exhausted, and the 30 tales jurors ordered by the court on yesterday being in attendance, the formal examination of these was ordered, when came J. D. Murphy, J. A. Chapman, W. T. Lang, Ben Griffin, W. T. Smith, J. M. Vincent, G. C. Hedrick, W. P. Tarwater, and J. D. Shaw, all of whom, after being formally examined on voir dire, were accepted by state and defense. The court then called upon attorney for accused to know if he wished to proceed to the taking of testimony on motion for change of venue, and upon the announcement of said attorney in open court that he waived any further proceeding with said motion as to Sylvester Owen, the said 12 jurors were regularly sworn to try the case, and the taking of testimony was continued till the hour of adjournment. With proper instructions from the court, the jury were placed in charge of the deputy sheriff, and the court adjourned until to-morrow morning at 9 o’clock.
Floyd, La., March 24, 1910.
State of Louisiana v. Sylvester Owen.
The accused was brought into court, the trial proceeded with, and the taking of testimony proceeded with in the hour of adjournment; the accused being present during the entire proceedings. The jury'were placed in the custody of the deputy sheriff under the usual charge, and the court was adjourned till to-morrow morning at 9 o’clock.
Floyd, La., March 25, 1910.
State of Louisiana v. Sylvester Owen.
The trial of this case was resumed, testimony concluded, argument presented by counsel for state and defense, after which the-charge was delivered by the court, and the jury instructed to retire to their room for deliberations. Having considered the case for some time they came into court and returned the following verdict:
“We, the jury, find the accused guilty as ‘charged’ without capital punishment.”
At the request of attorney for defendant, the jury was polled, and each one of them affirmed the said verdict. The accused and his counsel were present in open court during the whole of the proceedings above related. Court was adjourned until to-morrow morning at 9 o’clock.
The motion of the district attorney in respect to the four jurors referred to was as. follows:
“Now comes O. J. Ellis, district attorney, who respectfully represents that he has been reliably informed that immediately after the adjournment of your honorable court on March 22, 1910, p. m., the four jurors examined on voir dire and accepted by both plaintiff and defendant but not sworn as jurors were placed-in charge of D. L. Barmore, who was not a sworn deputy sheriff, and were by said Bar-more allowed to accompany him to a cold drink stand in the town of Floyd, remain there for some time, distribute themselves promiscuously among quite a number of parties who had congregated at said cold drink stand, and converse with them without restraint, and out of the- *645 hearing of the said Barmore; that this continued for some time before the said four parties were taken in charge by a sworn officer.
“Appearer therefore suggests to your honorable court that this was improper handling of said jurors; that the presumption of misconduct and of improper communication between said jurors and other parties might be assumed. He therefore prays that the said four jurors be now discharged, and that an entile new panel be selected for trial of this case; all of the rights of the state and defendant to challenges being reserved to them.”
The action of the court on this motion is shown by the minutes.
Opinion
We do not regard the motion of the district attorney nor the action of the court thereon in the same light as counsel of defendant does. Hawing ascertained what had taken place with reference to the four jurors, the district attorney was evidently afraid that the defense might at a later stage of the trial take advantage of it in some way, and therefore deemed it prudent to place that matter outside of the possibility of harm to the prosecution. He merely said in his motion that “the jurymen had been improperly handled,” and that “the presumption of misconduct and improper communication between said jurors and other parties might be assumed,” and that therefore he prayed that the four jurors be discharged, and that an entire new panel be selected for trial of the case; all of the rights of the state and defendant to challenges to be reserved to them. He did not charge the jurors with misconduct. The judge evidently did not attribute misconduct to the four men. What he did was simply to replace matters himself as they were before the men were examined on their voir dire, and to let proceedings as to the jury start de novo; both sides having the opportunity afforded them to deal with the men thereafter in the light of what had just taken place. Neither side raised objections when the four men were brought in and again placed under oath on their voir dire; both sides exercised their rights of questioning them; both could have refused to accept them until they had ascertained to their satisfaction through testimony everything which had occurred before they were resworn. No objection was made to the men; they were accepted by both sides as good jurors. If the defendants had any objections to make, then was the time to urge them. Neither side after accepting them and allowing them to serve on the jury could postpone objections to he raised after verdict.
We are of the opinion that there was no error on the part of the court in overruling the motion in arrest, and that the judgment is correct. It is therefore affirmed.